**ERIC ERIKSSON, INC., Appellant,**

**v.**

**William T. CROOKS et ux., Appellees.**

**No. 5320.**

Court of Civil Appeals of Texas, Waco.

March 28, 1974.

Abney, Burleson, Bondies, Conner & Mills (Richard E. Glaser), Dallas, for appellant.

Kenneth D. Chesnutt, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Eriksson from $7000. judgment against it in favor of plaintiffs Crooks, in a suit for damages for breach of warranty of title.

Plaintiffs Crooks sued defendants Eriksson and Sunnyvale Building Corporation for damages allegedly suffered by plaintiffs as the result of the sale of 1.832 acres to plaintiffs by defendants on August 11, 1971. Plaintiffs alleged breach of warranty of title among other matters.

Trial was to a jury which in answer to Special Issues found:

1) On August 11, 1971 there existed on and under the surface of the property a storm sewer drainage pipe.

2) Such storm sewer drainage pipe had existed there for 7 years and two months prior to August 11, 1971.

3) After August 11, 1971, the existence of the storm sewer drainage pipe on and under the surface of the property did not interfere with plaintiffs' right to ownership and enjoyment of the use of the property.

10) The fair reasonable cash market value of the property on August 11, 1971, at a time when there existed on and under such property a storm sewer drainage pipe, was $2000.

11) On August 11, 1971 plaintiff Crooks had no actual knowledge of the existence of the storm sewer drainage pipe on the property.

12) On August 11, 1971 the storm sewer drainage pipe did not constitute an apparent easement as defined herein. ("Apparent easement" is one that is ordinarily understood to be open and visible. " 'Apparent' however, does not mean actually visible, but rather susceptible of ascertainment on reasonable inspection by persons of ordinary prudence.")

Plaintiffs filed motion for judgment on the verdict; defendants filed motion for judgment on the verdict; and motion to disregard Issue 10.

The trial court sustained plaintiffs' motion for judgment as to defendant Eriksson, overruled defendant Eriksson's motion for judgment, and defendant's motion to disregard the finding on Issue 10; and rendered judgment for plaintiffs against defendant Eriksson for $7000, and decreed plaintiffs take nothing as to defendant Sunnyvale.

Defendant Eriksson appeals on 5 points contending:

1) The trial court erred in not granting defendant's motion for judgment on the verdict for the reason the findings of the jury clearly entitle defendant to judgment against plaintiffs.

2) There is no evidence, or insufficient evidence to support the jury finding on Issue 10, that the reasonable cash market value of the property on August 11, 1971 was $2000; and such finding is against the great weight and preponderance of the evidence.

3) The trial court erred in allowing plaintiffs' witness Russell to testify to the value of the property over defendant's objection as to such witness' qualifications as an expert.

We revert to contention 1.

Defendants Eriksson and Sunnyvale developed the Fawn Ridge Addition in a

joint venture partnership. A schematic diagram of Fawn Ridge Addition together with the property purchased by plaintiffs from defendant Eriksson follows:

Fawn Ridge Addition surrounds the property purchased by plaintiffs on 2 sides. Sunnyvale originally owned both the Fawn Ridge property and the 1.832 acres purchased by plaintiffs. Sunnyvale contracted for the utilities in the subdivision, including a 30-inch storm sewer across from Lot 25, and from Morning Springs Trail and which empties onto the 1.832 acres sold plaintiffs. The utilities and drainage engineering changed the natural flow of drainage in the area, and drained a 16 acre portion of Fawn Ridge Addition onto the property sold plaintiffs. The subdivision was platted and plans for utilities and drainage were submitted to the City of Dallas in 1963 for approval, and were approved. Thereafter the lots in the Fawn Ridge Addition were sold off to various buyers. On August 11, 1971 defendant Eriksson sold plaintiffs the 1.832 acres across Morning Springs Trail from Fawn Ridge Addition, for $9000, delivering plaintiffs a general warranty deed. On that same day defendant Eriksson obtained deed to the property from defendant Sunnyvale.

The storm sewer outlet was partially covered with vegetation, and not discovered by plaintiffs until shortly before Christmas 1971.

The jury found that the drainage pipe existed on the property sold by defendant to plaintiffs; had been there 7 years and 2 months; that the fair market value of the property with the drainage pipe was $2000; that plaintiffs had no actual knowledge of the drainage pipe; and that the drainage pipe did not constitute an apparent easement (as such term was defined) on the date of purchase by plaintiffs.

Defendant Eriksson sold the property to plaintiffs for $9000, delivering plaintiff a General Warranty Deed. If a drainage easement existed on the property on August 11, 1971, then defendant is liable to plaintiffs for breach of such warranty.

There was no recorded drainage easement on the property, and the pipe had not been in place long enough to establish an easement by prescription.

But the record does establish the existence of an implied easement appurtenant on the property.

The circumstances under which there may be a grant of an implied easement appurtenant are set out in Ulbricht v. Friedsam, 159 Tex. 607, 325 S.W.2d 669, 676:

"Where an owner of an entire tract of land or of two or more adjoining parcels employs a part thereof so that one derives from the other a benefit or advantage of a continuous, permanent, and apparent nature, and sells the one in favor of which such quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication."

See also: Drye v. Eagle Rock Ranch, Inc., Tex., 364 S.W.2d 196, 207–208; Westbrook v. Wright, Tex.Civ.App., NWH, 477 S.W.2d 663, 665.

In the instant case the dominant estate consists of the lots in Fawn Ridge Addition which drain onto the property purchased by plaintiffs, which is the servient estate. Common ownership of the dominant and servient estate was in Sunnyvale. As Sunnyvale sold the lots in the 16 acres of Fawn Ridge Addition which drain onto the 1.832 acres (and through the 30-inch storm sewer) such lots carried with them grant of the use of such easement; and when Sunnyvale sold the 1.832 acres to Eriksson (which sold to plaintiffs) such 1.832 acres were subject to the implied drainage easement appurtenant.

The finding by the jury in Issue 3 is not a determination that no easement existed on the property.

Contention 2 is that there is no evidence, or insufficient evidence to sustain Finding 10, that the reasonable market value of the 1.832 acres was $2000 on August 11, 1971; and Contention 3 is that the trial court erred in permitting witness Russell to testify to the value of the property. Witness Russell testified he was a land developer in the same type of building activity in the same portion of Dallas as defendants; that he was developing land 2 miles west of the subject tract; that for 20 years he had dealt with the City of Dallas to get plats and subdivisions approved; that he had inspected the 1.832 acres; that in his opinion it had a value on August 11, 1971 of $500 or $1000. The witness was qualified to give the testimony; and in any event the testimony was not objected to. Plaintiffs paid $9000 for the tract. The jury found the value to be $2000. Such answer is supported by ample evidence, and is not against the great weight and preponderance of the evidence.

All defendant's points and contentions are overruled.

Affirmed.